IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CANDIDA ELENA ARROLIGA RAYO, | § | |
| *Petitioner*, | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-813-FB |
| PAMELA BONDI, U.S. Attorney General; KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, Acting Associate Director of Enforcement and Removal Operations; and ROSE THOMPSON, Warden, of the Karnes County Immigration Processing Center, | § | |
| *Respondents*. | § | |

***ORDER OF DISMISSAL AND JUDGMENT***

Before the Court are Petitioner Candida Elena Arroliga Rayo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1); Petitioner's Motion for Summary Judgment in Petitioner's Favor (ECF No. 5); Federal Respondents' ("Respondents") Response to Petition in opposition thereto (ECF No. 7); Petitioner's Reply to Federal Respondents' Response (ECF No. 9); Plaintiff's Request for a Hearing for Plaintiff's Motion for Summary Judgment (ECF No. 11); and Response to Motion for Hearing (ECF No. 12), and the status of this case.

Because no activity has occurred since the filing of the Response to Motion for Hearing on April 3, 2026, the Court accessed the EOIR Automated Case Information, based on Petitioner's A-Number, and received the result that "Case information is unavailable." *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed on Sept. 28, 2026). Based on the foregoing and the fact that Petitioner also could not be located in a search of the U.S. Immigration and Customs Enforcement (ICE) Online Detainee Locator System (ODLS), again using Petitioner's

A-Number, it appears Petitioner is no longer being detained.[1] Therefore, the Court will dismiss the Petition as moot.

In the alternative, should the ODLS be incorrect and Petitioner remains detained, IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the same reasons stated in prior relevant decisions. *See e.g.*, *Guerra Estrada v. Ybarra,* Cause No. EP-26-CV1897-KC, 2026 WL 2168090 (W.D. Tex. Jul. 28, 2026); *Jimenez Ravelo v. Anda-Ybarra*, EP-26-CV-01892, 2026 WL 2211325 (W.D. Tex. Jul. 24, 2026); *Scott Camacho v. Department of Homeland Security*, EP-26-CV-01717-DB, 2026 WL 2137156 (W.D. Tex. Jul. 24, 2026); *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem***,** Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026); Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025); *see also Gonzalez Gonzalez v. Blanche*, CIVIL ACTION NO. 4:26-CV-05561, ECF No. 10 at page 2 (S.D. Tex. Jul. 27, 2026) (finding the Fifth Circuit stay in *Sosnava v. Rodriguez* had no effect on its ruling

[1] Https://locator.ice.gov./odls/#/results (last accessed on Sept. 28, 2026).

explaining "the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions"); *Barreno Hernandez v. Warden DC Cole*, CIVIL ACTION NO. 5:26-CV-01279, ECF No. 9 at page 5 & n.2 (S.D. Tex. Jul. 24, 2026) (granting habeas petition finding detention violated rights under Due Process Clause of the Fifth Amendment requiring immediate release and explaining that: (1) Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc* on July 21, 2026 without analysis; (2) Supreme Court has recognized interim order granting a stay is "not conclusive as to the merits"; "reading into the Fifth Circuit's stay 'is an inherently speculative endeavor'"; and finding that "[w]ithout clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE AS MOOT based on Petitioner's apparent release or, in the alternative, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Candida Elena Arroliga Rayo, (A#201-907-574), from custody, under reasonable conditions of supervision, to a public place no later than **Thursday, October 1, 2026**; and

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

IT IS FURTHER ORDERED that Respondents shall **FILE** a status report no later than **Monday, October 5, 2026**, confirming that Petitioner's Petition is moot based on her prior release or that Petitioner has now been released based on the alternative granting of the Petition.

IT IS FINALLY ORDERED that motions pending, including Petitioner's Motion for Summary Judgment in Petitioner's Favor (ECF No. 5), and Plaintiff's Request for a Hearing for Plaintiff's Motion for Summary Judgment (ECF No. 11), are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 28th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE